## Octavia P. Baxter *vs.* John A. Knowles.

In an action by a widow against the administrator of her husband's estate to recover for the
conversion of property, she is a competent witness to prove a title to the property in her-
self, prior to and during her coverture, independently of her husband; but not to establish
a title thereto by the direct gift of her husband.

So also she is a competent witness to prove her title to the property by testifying that she
bargained for it before her marriage, and after her marriage delivered money, which was
her sole and separate property, to her husband with which to pay for the same; there
being other evidence to show that he did pay for the same.

The introduction of evidence, on the part of the plaintiff in such action, that her husband,
on different occasions after the marriage, declared the property to be hers, will not make
evidence competent in reply, that after the marriage he repeatedly, though not in the
plaintiff's presence, declared it to be his own; although the plaintiff " contends that her
husband always, during his lifetime, regarded and treated it as her separate property."

Tort to recover damages for the conversion of various articles
of household furniture.   The answer denied the plaintiff's title
to the articles, and denied the conversion, and averred that if the
defendant took any of the articles it was in his capacity as the
executor of the estate of D. D. Baxter, to whom they belonged.

At the trial in the superior court, before *Rockwell*, J., it ap-
peared that the plaintiff was married to said Baxter on the 24th

of July 1861, and that he died on the 8th of July 1863. The plaintiff contended that prior to the marriage she and Mr. Baxter selected at Adams & North's, in Lowell, a portion of the articles in controversy, as hers, to be paid for by her money and to remain her property ; and that after the marriage she gave to him the money to pay for the same, and it was paid for accordingly; and she offered herself as a witness to testify to these and other facts, but was excluded. There was also evidence tending to show that her husband presented to her, after marriage, a tea-set.

On the whole evidence, the judge directed the jury to return a verdict for the defendant, which they accordingly did; and the plaintiff alleged exceptions.

*A. R. Brown,* for the plaintiff, cited Gen. Sts. *c.* 131, § 14; *Ayres* v. *Ayres,* 11 Gray, 130.

*D. S. Richardson,* for the defendant, cited *Farrelly* v. *Ladd,* 10 Allen, 127; *Ayres* v. *Ayres,* 11 Gray, 130.

Hoar, J. This is an action of tort in the nature of trover. The declaration alleges that the defendant converted to his own use certain articles of personal property, belonging to the plaintiff. The answer denies the conversion ; denies the property of the plaintiff; and avers that if the defendant took any of the articles, he took them as executor of D. D. Baxter, to whose estate they belonged. This being the state of the pleadings, it appeared in evidence that D. D. Baxter had been the plaintiff's husband. She offered herself as a witness to prove her case, and was excluded by the court. Her competency as a witness is the first and principal point which is presented by the bill of exceptions for our decision.

Her being a party does not disqualify her, unless the other original party to the contract or cause of action in issue and on trial is dead, and she is incompetent to testify in her own favor for that reason. The defendant contends that the plaintiff's husband was an original party to the contract from which her cause of action arises. But how does her cause of action arise from a contract ? The action is tort. The cause of action is a wrong which she alleges was done by the defendant personally

She does not sue him in a representative capacity. She charges him with having unlawfully disposed of her property. The only connection which her cause of action has with a contract is found in the fact that she acquired the property by a contract, as she offered to prove. But it was not a contract with the defendant or his testator under which she claimed title, but with Adams & North. She offered to prove that she bought the articles of furniture, except the tea-set, from Adams & North, before her marriage; that she paid for them with her own money, drawn from the savings' bank; that they never were her husband's property, his only concern with the matter being that he aided her in selecting them, and took the money for her to pay for them.

The tea-set she claimed as a gift to her from her husband after marriage. But she could derive no title from her husband by gift, and therefore it was immaterial whether she testified respecting it or not; as her testimony, however strongly it might prove the claim, would not support the action. The ruling of the court that the action was not maintained upon the evidence was correct as far as the tea-set was concerned. Whether it was correct or not as applied to the furniture need not be considered, because the testimony of the plaintiff was wrongly rejected, and that might have added material weight to the other evidence.

It was a mere begging of the question for the defendant to argue that the plaintiff could not be a witness, because the furniture had been the property of the husband, and the wife must have acquired it by a contract with him. She denied that it ever was his property. She claimed that she bought it before marriage of Adams & North, when his assent to her purchase, and aid in it, would add nothing to her title, and formed no part of any contract. It was mere approval and acquiescence, not making him in any sense a party. If the defendant had shown that the title to the furniture was ever in Mr. Baxter, and that the plaintiff acquired it by a contract with him, it would have constituted a valid defence. But this must have been the result of the whole case, after all the evidence was heard, to be found

by the jury, and was not to be assumed upon the mere sugges-
tion of the defendant for the purpose of excluding evidence.

We are of opinion that under the statute which regulates the
competency of witnesses, the plaintiff's testimony was admissi-
ble as to the furniture, the part of her cause of action which was
separable and distinct from the rest, and which was not derived
from a contract another party to which was dead.

The conversations with the defendant and declarations by
him which were rejected, seem to have been wholly immaterial.

*Exceptions sustained.*

At the second trial, before *Rockwell*, J., at September term
1866, the plaintiff testified that a day or two before her marriage
she went with Mr. Baxter to Adams & North's, and selected
and purchased the articles of furniture now in controversy, to be
paid for with her money and to be her separate property; that
he at the same time selected other articles of furniture; that
the articles selected by her were left for the time at Adams &
North's, and she was married and went on a journey, and he
returned first and removed the furniture into their house, putting
hers into rooms where it remained distinct from the other furni-
ture in the house. She was then permitted to testify, against
the defendant's objection, that after marriage she took out of a
savings bank money which was her own before marriage and
gave it to her husband to pay to Adams & North for this furni-
ture which she had selected, and he received it for that purpose.
There was evidence on the part of the defendant tending to
show that, if Mr. Baxter received this money from the plaintiff,
it was for an entirely different purpose.

The plaintiff contended that her husband always during his
lifetime regarded and treated this furniture as her separate
property; and, for the purpose of showing this, introduced evi-
dence that on different occasions after marriage he declared it to
be hers. The defendant called a witness who testified that she
lived with Mr. and Mrs. Baxter several months, while the furni-
ture in controversy and other articles of furniture were there,
and he offered to prove by her that while she was there Mr

Baxter repeatedly declared in her presence that all the furniture in the house was his; but the evidence was excluded.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which were argued in January 1867.

*D. S. Richardson,* for the defendant. As this case is now presented, the contract in issue and on trial was that alleged by the plaintiff to have been made between herself and her husband, on the delivery of the money by her to him. To this contract she could not be a witness. The case falls precisely within the principle of *Farrelly* v. *Ladd,* 10 Allen, 127. The plaintiff's purchase of Adams & North was never completed, unless this contract as to the payment was made between the husband and wife.

Evidence was competent to rebut the claim set up by the plaintiff that her husband always treated this furniture as hers.

*A. R. Brown,* for the plaintiff.

HOAR, J. The court are of opinion that the first question now presented and argued upon the bill of exceptions was substantially decided when the bill of exceptions taken at a former trial was before us; and that all we have now to state is the further application of the same doctrine.

The action is tort. A contract is only in issue incidentally, because the plaintiff, in order to show her title to the goods which she has charged the defendant with converting to his own use, offers to prove that she acquired them by a contract of purchase from Adams & North. But the only contract on which the plaintiff relies, and upon which she puts her case, is her own contract with Adams & North. She testifies that this contract was made before her marriage, though it does not seem to have been completed by the delivery of the goods and payment for them until afterward. But as she was competent in law to make the contract, and purchase the goods on her own account, and pay for them from her separate property, after marriage, as well as before, and without reference to the consent of her husband, this is not a circumstance material to the validity of the contract. In the course of her testimony she speaks of sending the money to Adams & North through her husband, and this

may have been material testimony in the case. But it does not change the issue. That is still upon her contract with Adams & North. If that contract is proved, it is wholly unimportant whether the agency is established or not. That agency is simply a fact, which, as it may be proved or disproved, may render more or less credible the existence of the contract on which she relies. But if she bought the goods of Adams & North, and they sold and delivered them to her, her giving the money to her husband, or not giving it, would have no tendency to transfer the property to him.

The defendant, who is the executor of her husband, does indeed rely upon the title of his testator to the goods as his defence to the action. But this presents no new issue. It leaves her to prove her title as before. And she does not set up any title derived from her husband. This distinguishes the case from *Farrelly* v. *Ladd*, 10 Allen, 127, and *Ayres* v. *Ayres*, 11 Gray, 130. In each of those cases the contract which the action was brought to enforce was made with a person who was dead.

That the plaintiff, in the course of her proof, desired to establish the fact of an agency, and thus, as the defendant contends, put in issue a contract of agency, we think is much too remote to disqualify her as a witness. It is not the contract on which her title depends, but is merely incidental to it. It is only in issue as every fact is in issue which is disputed, and which may have some bearing upon the question to be tried. And as the contract in issue and on trial was originally made, if made at all, with persons who were living and competent to testify on the trial, namely, with Adams & North, the disqualification to testify created by the statute did not apply to the plaintiff, and the exception taken to her testimony must be overruled.

The exception to the rejection of the evidence offered by the defendant is equally untenable. The declarations of the defendant's testator, from whom he claimed title, were not made admissible in his favor by the fact that his declarations at other times were given in evidence by the plaintiff as admissions; although the plaintiff claimed that these admissions showed that the testator " always " admitted the fact in controversy. Such

a claim could not have been admitted, if objected to, as a basis of argument, after the defendant had offered to prove the contrary, and had not been allowed to do so in consequence of the plaintiff's objection. The jury must have understood that the plaintiff's claim was an over-statement.

*Exceptions overruled.*